# CROSS *v.* RUSBY.

PATENTS; INTERFERENCE; RES JUDICATA; PRIORITY.

1. An award of priority in interference is, as to every question that was or might have been presented or determined therein, conclusive in a second interference relating to substantially the same cause of action. (Citing *Blackford* v. *Wilder*, 28 App. D. C. 535; and *Horine* v. *Wende*, 29 App. D. C. 415.)

2. An award of priority in interference, which was declared upon a first application of the unsuccessful party, is conclusive upon claims, even though slightly broader, in a second interference declared upon such party's second application involving the same general subject-matter. (Citing *New Departure Mfg. Co.* v. *Robinson*, 39 App. D. C. 504.)

No. 908.   Patent Appeal.   Submitted May 11, 1914.   Decided May 22, 1914.

HEARING on an appeal from concurrent decisions of the Commissioner of Patents in an interference proceeding.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from concurrent decisions of the Patent Office in an interference proceeding in which priority of invention was awarded to John M. Rusby, appellee here, upon the ground that the question involved was *res judicata* by reason of a final decision for the appellee in a former interference between the same parties.

On July 6, 1909, Frank L. Cross, appellant, filed patent application No. 506,147, upon which the patent involved in the present interference was granted November 1, 1910. The counts in that application read as follows:

"Count 1. In apparatus of the class described, the combination of the gas generating apparatus; means for supplying air; a duct connecting the latter and said generating apparatus and means for automatically maintaining a flow of a constant volume of air per unit of time past a given point in said duct.

"Count 2. In apparatus of the class described, the combination of a gas producer; means for supplying air to the latter; and means in connection with said air supplying means for automatically and continuously maintaining a flow of a constant volume of air per unit of time past a given point in said producer, independently of the area of opening of the latter."

On October 12, 1909, Rusby filed application No. 522,326, and on March 12, 1910, Cross filed a second application, No. 548,901. On June 14, 1910, while the first Cross application was still pending, an interference was declared involving Rusby's application, the later application of Cross, and an application of a third party. The counts of that interference read as follows:

"1. In apparatus for use in the manufacture of gas, the combination of a gas producer; means for supplying the primary air to the producer; means for supplying the secondary air to the apparatus; and means for automatically regulating the flow of such secondary air, so as to maintain a flow of a constant volume per unit of time past a given point in the secondary air duct.

"2. In apparatus for use in the manufacture of gas, the combination of a gas producer; means for supplying the primary air to the latter; means for supplying the secondary air to the apparatus; and means for automatically regulating the flow of such primary and secondary air, so as to maintain a flow of a constant volume of air per unit of time past a given point in their respective ducts."

Cross then contended that the patent involved in that interference resided in the "means for automatically maintaining a constant supply of air to a retort bench (furnace) or other apparatus for use in the manufacture of gas or other purposes," and it appeared that his plant, which he contended embodied the invention, was arranged so that primary and secondary air could be supplied, *and that an automatic regulator was provided for each of the air supplies*. The three tribunals of the Patent Office successively decided the question of priority in favor of Rusby, and no appeal was taken from the Commissioner's decision, which was rendered November 1, 1912. Rusby filed a petition requesting that an amendment be entered in his application containing the said two claims of the Cross patent, and either that said claims be included in the claims of the first interference, or that a second interference be declared. In his petition Rusby contended that the Cross patent ought not to have issued, because its claims cover substantially the same subject-matter as the counts of the first interference. This petition was followed by the declaration of the second interference, with the result above set forth.

*Mr. Melville Church* for the appellant.

*Mr. Augustus B. Stoughton* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The question for determination is whether the second interference related to substantially the same cause of action as the prior interference. If it did, the decision in the first is

conclusive in the second as to every question which was or might have been presented or determined in the first. *Blackford* v. *Wilder,* 28 App. D. C. 535; *Horine* v. *Wende,* 29 App. D. C. 415. In *Blackford* v. *Wilder* the unsuccessful party in a former interference, upon the cause going back to the Patent Office, amended and broadened his claims, but it was held that the decision in the prior interference was conclusive of his rights, because he might have made the broader claims in that interference. In that case the amendment was to the same application involved in the first interference, but that is of no importance if, in fact, the subject-matter disclosed in the two applications is substantially the same. *New Departure Mfg. Co.* v. *Robinson,* 39 App. D. C. 504. The Patent Office tribunals have successively ruled that the second interference relates to substantially the same cause of action as the first. In his decision the Commissioner said: "He (Cross) contested the earlier interference, knowing that under the practice of the Office the winning party would be entitled to present broader claims, and it is not seen how Rusby can be deprived of that right by the fact that a patent was granted on the earlier Cross application. Had Cross presented the claims here in issue in his later application after the termination of the first interference, they would have been at once rejected on the ground that the question of priority as to these claims was *res judicata* between himself and Rusby. The fact that these claims were presented in another application puts him in no better position." Assuming, for the purposes of this decision, that the claims of the second interference are slightly broader than those of the former, although there is much force in the contention of counsel for Rusby that the difference is one of expression rather than of fact, we concur in the Commissioner's conclusions.

Decision affirmed. *Affirmed.*